UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEAN R. SHELTON,

Defendant.

NO. CR-07-028-RHW

**ORDER DENYING DEFENDANT'S MOTION FOR RULE 29 JUDGMENT OF ACQUITTAL**

Before the Court is Defendant's Motion for Rule 29 Judgment of Acquittal (Ct. Rec. 79). The motion was heard without oral argument.

On July 31, 2007, the jury found Defendant guilty of the offense of Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g). After an extension of time to file his motion was granted, Defendant filed the instant motion on September 10, 2007.

**DISCUSSION**

Defendant asks the Court to acquit him of the charge of Unlawful Possession of a Firearm. Defendant asserts that there is insufficient evidence as a matter of law to sustain a conviction for this charge.

Under Rule 29, the Court can enter a judgement of acquittal, if, after viewing the evidence in the light most favorable to the Government, it finds that no rational jury could find Defendant guilty beyond a reasonable doubt. *United States v. Moses*, 496 F.3d 984, 985 (9th Cir. 2007)(*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In order to sustain a conviction for Unlawful Possession of a Firearm, the Government needed to prove beyond a reasonable doubt that Defendant knowingly possessed a firearm; the firearm had been shipped or transported from one state to another; and at the time Defendant possessed the firearm, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. *United States v. Johnson*, 459 F.3d 990, 995 (9th Cir. 2006).

The later two elements were established at trial through expert testimony regarding the interstate commerce nexus and through the Defendant's stipulation that he had been convicted of a felony prior to the date of the charged offense. The question, then, is whether the evidence was sufficient for the jury to find that Defendant knowingly possessed the firearm.

The evidence against Defendant, though not overwhelming, was sufficient to support a conviction for Unlawful Possession of a Firearm. Defendant argues that the only circumstantial evidence offered to prove that he knowingly possessed the firearm was that he initially refused to exit the car after telling officers he had done nothing wrong. Defendant's argument ignores the fact that the firearm was found in the paneling on the driver's door, that Defendant was driving the vehicle immediately prior to the firearm being found, and that Defendant owned the vehicle in which the firearm was located. Although Defendant's theory was that the gun belonged to the passenger, Mr. Santos, the circumstantial evidence supporting this theory was that Mr. Santos was uncooperative, had an outstanding warrant, was a convicted felon, and was seen sitting alone in the vehicle prior to the officers locating the firearm in the Defendant's car. The jury was free to reject this argument, and find instead that based on the circumstantial evidence set forth, Defendant knowingly possessed the firearm.

///

///

///

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Rule 29 Judgment of Acquittal (Ct. Rec. 79) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** the 26th day of October, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2007\Shelton\deny.wpd